UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSANDRA BOYD, ET AL                              CIVIL ACTION

VERSUS                                            NO: 08-1665

SOUTHEASTERN LOUISIANA                            SECTION: "S" (2)
UNIVERSITY, ET AL

## ORDER AND REASONS

The motion to dissolve temporary restraining order on behalf of defendant, The Board of Supervisors for the University of Louisiana System is GRANTED. The previous *ex parte* order of the court extending the temporary restraining order of the state court is RESCINDED.

## BACKGROUND

This dispute concerns a student disciplinary proceeding in a university involving a student who was allegedly the victim of hazing.

On January 8, 2008, Ariel Ellis, a student of Southeastern Louisiana University in Hammond, Louisiana, filed a Student Conflict Referral Form with the university's Office of Judicial Affairs. She claimed that in the early hours of January 8, 2008, she was the victim of hazing by sorority members, and that specifically, plaintiffs, Cassandra Boyd, Rave Flowers, Nikki Lawrence, Jennifer Matthews, Loretta Miller, Bonita Taylor, and Jhade Watts, who are members of Alpha Kappa Alpha

sorority, locked her in a room, made her take her clothes off, beat her with a belt and a paddle, asked questions about her sex life, and forced her to simulate oral sex with a banana.

On January 10, 2008, Ellis recanted her charge. Defendant urges that evidence supports that one of the plaintiffs coerced Ellis to recant. Ellis later reinstated the charges.

On January 15, 2008, Milas Love emailed the plaintiffs, and informed them that they were subject to an interim suspension. The plaintiffs were allowed to continue attending classes. Love is the chief judicial officer for the university and his duties include the administration of the code of student conduct. The student handbook contains a detailed anti-hazing policy.[1]

Ellis' complaint was investigated by an administrative hearing board of the university consisting of four members, and one chairperson with voting ability only upon a tie. The administrative hearing board met for four days between March 8, 2008, and March 19, 2008. On three of the days, plaintiffs appeared, presented and examined witnesses and documents. On March 19, 2008, when plaintiffs were not present, Love presented a chart depicting, from records previously produced, the timing of cell phone calls between Ellis and Boyd.[2] On that date, the committee voted 4-0 that Cassandra Boyd was "responsible" for the charges, and voted 3-0 that the rest of the plaintiffs were "responsible" for the charges. Kas Williams, the chairperson of the hearing board, wrote a dissenting opinion, complaining that Love tampered with evidence, and tampered and

---

[1] *See* Ex. A-1, Student Handbook at 123-126 of the defendant's memorandum in support of motion to dissolve temporary restraining order.

[2] Plaintiffs allege that on March 8, 2008, the administrative hearing board concluded that the plaintiffs were not "responsible" for acts of hazing; however, plaintiffs produced no evidence in this regard.

intimidated witnesses and the board.[3]

The university president appointed the university provost and vice president of academic affairs, Dr. John Crain, and the university's Equal Employment Opportunity/Americans with Disabilities Act officer, Victor E. Pregeant, to investigate independently Williams' claims.  On April 3, 2008, Dr. Crain and Pregeant reported to the president that they found no support for Williams' allegations, and no evidence that Love was biased or that he pressured the hearing board.[4]  Dr. Crain further attested that the process used to hear and decide the charges against the plaintiffs were appropriate and fair.[5]

On April 4, 2008, plaintiffs received notification of sanctions for their violation of the university's anti-hazing rules.  Each was sanctioned with immediate disciplinary suspension of varying lengths; disciplinary probation while students of the university; prohibition from joining student organizations; and an order to write a letter of apology and to have mandatory counseling. Each was also informed of her right to appeal.  Plaintiffs were prohibited from attending classes.

On April 9, 2008, plaintiffs filed a petition for temporary restraining order, preliminary and permanent injunction in the 21st Judicial District Court for the Parish of Tangipahoa.  Plaintiffs claim that their due process rights under the 5th and 14th Amendments of the Constitution of the United States and their "rights of the accused" under the 6th Amendment thereof were violated because Love

---

[3]*See* Ex. A of plaintiffs' memorandum in opposition of motion to dissolve temporary restraining order.

[4]*See* Ex. B-1 of defendants' memorandum in support of motion to dissolve temporary restraining order.

[5]*See* Ex. B, Dr. Crain's affidavit, of defendants' memorandum in support of motion to dissolve temporary restraining order.

3

tampered with evidence and witnesses and because the sanctions took effect before their administrative appeals had been exhausted.  Plaintiffs claim that defendant's actions caused them irreparable harm because they will fail if they are prevented from going to classes and taking exams, and because three of the plaintiffs are scheduled to graduate in May 2008.

Meanwhile, Plaintiffs appealed to the university's vice president, Dr. Marvin Yates.  On April 11, 2008, Dr. Yates reduced the disciplinary suspensions to one academic year or one academic semester, depending on the individual's culpability.  Plaintiffs then appealed to the university's president who affirmed on the day of this hearing the decision of the board, and left intact the decision of the vice president.  According to the student handbook, a "student may appeal the decision of the University President to the Board of Supervisors [for the University of Louisiana System] if the sanction is one of suspension from the University for a period of one academic year, or if the sanction is of greater severity.  For appeals regarding less severe sanctions, the final appeal shall be at the University level."[6]  As a result, the administrative appeals process has concluded for all plaintiffs, except for Boyd and Lawrence.

On April 14, 2008, the state court judge issued a temporary restraining order enjoining the defendant from preventing plaintiffs from being present on campus, attending class, and any other school function that is part of their academic requirements.  The order was to expire in ten days.

On April 16, 2008, defendant removed the matter to this court, claiming federal question and supplemental jurisdiction, and seeking this court's order lifting the temporary restraining order

---

[6]*See* Ex. A-1, Student Handbook at 93-94 of the defendant's memorandum in support of motion to dissolve temporary restraining order.

imposed by the state court judge.  Upon setting this matter for trial, the temporary restraining order was extended, pending further orders of this court.

On April 25, 2008, this court heard argument from counsel and testimony from Love; Pregeant; hearing board member and professor, Yolanda J. Urick; and plaintiffs Cassandra Boyd, Jhade Watts and Loretta Miller.

## ANALYSIS

Temporary restraining orders and preliminary injunctions are extraordinary equitable remedies that may be granted only if the petitioner establishes four essential elements: 1) a substantial likelihood of success on the merits; 2) a substantial threat that petitioner will suffer irreparable injury if the injunction is denied; 3) that the threatened injury outweighs any damage that the injunction might cause defendants; and 4) that the injunction will not disserve the public interest.[7]  Applying the foregoing legal standards to plaintiffs' alleged facts, plaintiffs' written submissions, and the testimony adduced at the hearing, the court holds that the plaintiffs are not entitled to a temporary restraining order.

### No Substantial Likelihood of Prevailing

The Supreme Court has recognized that a student who is subjected to remedial actions resulting in removal from the academic setting at a tax-supported educational institution is entitled to the protections of the Due Process Clause.[8]  The amount of procedural due process protection due

---

[7]*Sugar Busters LLC v. Brennan*, 177 f.3d 258, 264 (5th Cir. 1999)

[8]*Goss v. Lopez*, 419 U.S. 565, 576 n.8 (1975).

5

the student is dependent on whether the action is disciplinary or academic.[9]  At a minimum, students are entitled to notice and an opportunity to be heard.[10]  In disciplinary actions, the Supreme Court requires only "an 'informal give-and-take' between the student and the administrative body dismissing [the student] that would, at least, give the student 'the opportunity to characterize [her] conduct and put it in what [she] deems the proper context.'"[11]  If notice and an opportunity to be heard have been provided, the court will not question with whether a university's own internal procedures were followed, unless that failure impacts a constitutional right.[12]

Plaintiffs concede that notice was given to them, but argue that the university did not give them a meaningful opportunity to be heard and that the due process given to them did not meet constitutional standards.  The majority of plaintiffs' complaints concern the unfavorable fact findings by the administrative board.

While plaintiffs Boyd, Watts and Miller testified and denied that the hazing incident occurred, the court has no authority to review the factual findings of the administrative hearing board, unless plaintiffs can prove a due process violation of constitutional proportion.  The plaintiffs have not made this showing.

The record establishes that plaintiffs were given notice and ample opportunity to be heard:

---

[9]*Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 86-90 (1978) (explaining that students are entitled to far fewer procedural protections in academic actions).

[10]*Goss*, 419 U.S. at 579; *see also Parker v. Duffy*, 251 Fed. Appx. 879, 882 (5th Cir. 2007)

[11]*Horowitz*, 435 U.S. at 85-86 (quoting *Goss v. Lopez*, 419 U.S. 565, 584 (1975)). *See also Shaboon v. Duncan*, 252 F.3d 722, 732 (5th Cir. 2001).

[12]*Levitt v. University of Texas at El Paso*, 759 F.2d 1224, 1229-30 (5th Cir. 1985), *cert. denied*, 474 U.S. 1034 (1985).

they had at least three meetings with the hearing board, were able to discuss the charges against them, and examine and produce evidence and witnesses.  The Due Process clause was satisfied.[13] Plaintiffs argue that the university did not follow its own regulations to the letter.  However, plaintiffs fail to demonstrate that any failure of the university to follow its own procedures impacted their constitutional rights.[14]  Finally, plaintiffs' claim that their due process rights were violated because sanctions were imposed before their administrative appeals had been exhausted is moot as to all plaintiffs except for Boyd and Lawrence.  However, as to such a claim by Boyd and Lawrence, both failed to demonstrate that the imposition of sanctions before the ultimate exhaustion of administrative appeals constitutes a due process violation.

Therefore, plaintiffs are not able to demonstrate a substantial likelihood of success as to their "due process" claim, and therefore, plaintiffs are not entitled to injunctive relief.  Further, plaintiffs did not present evidence that plaintiffs will suffer irreparable injury if the injunction is not continued.

*No Sixth Amendment Violations*

Additionally, plaintiffs allege that the university violated their Sixth Amendment "rights of the accused."  The protections of the Sixth Amendment apply only to criminal proceedings.[15]  The university's internal hearings are not criminal prosecutions which trigger a Sixth Amendment right under the United States Constitution.  Thus, plaintiffs' claim in this regard has no merit.

---

[13]*Parker*, 251 Fed. Appx. at 883.

[14]*Levitt,* 759 F.2d at 1229-30.

[15]*Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 242-43 (5th Cir. 1997).

Because plaintiffs cannot demonstrate a substantial likelihood of prevailing on the merits that their constitutional rights have been violated, the plaintiffs are not entitled to a temporary restraining order.  Defendant's motion to dissolve the temporary restraining order is GRANTED, and the *ex parte* order of the court continuing the temporary restraining order is RESCINDED.

New Orleans, Louisiana, this  28th  day of April, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**